# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Byron V.G.                                          No. 26-cv-99 (KMM/DJF)
     Plaintiff,

v.                                                          **ORDER**

Bondi, et al,

     Defendants.

---

This matter is before the Court on petitioner Byron V.G.'s petition for a writ of habeas corpus.[1] For the reasons set forth below, the Court grants Byron V.G.'s habeas petition.

## Background

Petitioner Byron V.G., a citizen of Ecuador, entered the United States without inspection in or about 2014.[2] He did not encounter Respondents at the time of his entry. Byron V.G. has a pending application for a U visa, has "deferred action and a valid employment authorization document." [ECF 1, ¶ 31] Byron V.G. was taken into ICE custody on January 7, 2026. No warrant of arrest has been submitted, nor any documentation related to Byron V.G.'s detention. Byron V.G. has "no criminal history that

---

[1]     In keeping with this District's policy in immigration cases, the Court identifies petitioner by his first name and last initial or refers to him as Petitioner.

[2]     The Court bases this factual recitation on the averments in the Verified Habeas Petition at ECF 1. Respondents have provided no information or documentation about Byron V.G.'s detention, history, or status, opting to submit a one-page response to the petition that preserves its legal position for appellate review. The Court does not need to decide at this time whether this failure to respond as required to the Court's Order to Answer (ECF 4) provides an independent basis to Order Petitioner's immediate release.

subjects him to mandatory custody under 8 U.S.C. § 1226(c)." *Id*. at ¶ 35. At the time he filed the petition, he was held in ICE custody in Minnesota. He alleges, in relevant part:

> Respondents will not provide Petitioner with a bond hearing. Respondents assert that the immigration court lacks the jurisdiction to conduct a bond redetermination under 8 U.S.C. § 1226(a), citing *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

(ECF 1, page 9, ¶ 34).

Respondents' position is that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2), and they refer the Court to a brief submitted in a case pending before the Eighth Circuit, *Avile v. Bondi*, No. 25-3248 (8th Cir. Docketed Nov. 10, 2025).

**Analysis**

This case is one of many filed in recent months in this district challenging the application of § 1225(b)(2) to aliens who are living in the United States and who entered without inspection. This Court has previously held that, because such people are not "seeking admission," as set forth in § 1225(b)(2), that provision – which mandates detention – does not apply to them. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025). The same legal conclusion has been adopted by countless district courts around the country, and by many courts in this district. The government does not attempt to distinguish *Belsai D.S.*, implicitly conceding its relevance to Petitioner's case. Instead the Respondents' position is that *Belsai D.S.* and the many other cases reaching the same conclusion was wrongly decided. The government points out, correctly, that other courts have ruled differently and asks this Court to reconsider its previous decision.

Although the Court has considered the arguments raised by the government, and reviewed the authority cited, the Court declines to repudiate its analysis from *Belsai D.S.* and instead continues to follow the analysis of the strong majority of courts to have considered the issue. Of course, these issues are complex and the government's arguments are not frivolous.  But the Court continues to believe that the better reading of the relevant

statutory scheme is that § 1225(b)(2) does not apply to Byron V.G. or others who are similarly situated, and his mandatory detention is not supported by the law.

### Propriety of Immediate Release

Petitioner Byron V.G. alleges that he should be immediately released.  The Court has previously declined to grant this remedy in similar cases, instead ordering that Respondents afford petitioners bond hearings as contemplated by 8 U.S.C. § 1226(a) within a certain period of time. However, Petitioner raises a somewhat new argument that supports this request.  *See* ECF 7. Specifically, Petitioner alleges that the government can only detain him pending a bond hearing pursuant to 8 U.S.C. § 1226(a) if they can demonstrate that he was rearrested pursuant to an administrative warrant as required by the statute.  But the government has not claimed to have such a warrant, nor produced one to the Court.  As another court in this district recently held "[s]ection 1226 provides that *'[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained.'" *Ahmed M. v. Bondi et al.*, 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *7 (D. Minn. Jan. 5, 2026).  Judge Tostrud in *Ahmed* concluded that the issuance of a warrant is a necessary prerequisite to even discretionary detention under § 1226(a), citing several decisions from other districts. *Id.* Therefore the appropriate remedy in *Ahmed M.*  was immediate release rather than a detention hearing. *See also Juan S.R. v. Bondi*, 26-cv-05 (PJS/LIB)(Order, January 12, 2026)(same).

The Respondents have neither provided an arrest warrant nor disputed whether such a warrant is necessary in their one-paragraph submission to this Court. This is so despite the fact that the Court Ordered them to produce "[s]uch affidavits and exhibits as are needed to establish the lawfulness and correct duration of Byron V.'s detention in light of the issues raised in the habeas petition…." [ECF 4, ¶ 2a]  And they have been on notice of the importance of the legal issue in cases such as these since at least late December, when the arguments were raised in similar cases in this District, and certainly since the decision

in *Ahmed* a week ago. Therefore, the Court joins other courts in this District (and elsewhere) and finds that the proper remedy in this case is immediate release.[3]

## ORDER

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1.  Petitioner's petition for a writ of habeas corpus is **GRANTED**.

2.  The Court **DECLARES** that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and **ENJOINS** respondents from denying release or other relief on the basis that he is subject to such mandatory detention.

3.  The Court **ORDERS** Respondents to immediately release Petitioner. If the Petitioner is on conditions of release from a previous Order, those conditions remain in effect.

4.  Finally, the Court **ORDERS** Respondents to file notice on the docket within 24 hours of Petitioner's release, confirming that the release has occurred.

Date: January 15, 2026                            *s/Katherine M. Menendez*
                                                  Katherine M. Menendez
                                                  United States District Judge

---

[3]     The Court suspects that the issue is not that the warrant exists and the government has simply not produced it. Instead, the record suggests that no warrant was issued for Byron V.G. because his detention was intended to be under § 1225, which does not have a parallel warrant requirement.