UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Byron V.G., | Case No. 26-cv-99 (KMM/DJF) |
| Petitioner, | |
| v. | **ORDER** |
| Pamela Bondi, et al., | |
| Respondents. | |

On January 15, 2026, the Court granted Petitioner Byron V.G.'s petition for a writ of habeas corpus, ordering his immediate release. (Dkt. 8.) The Order narrowly qualified that release by stating that "[i]f the Petitioner is on conditions of release from a previous Order, those conditions remain in effect." (*Id.* at 2 ¶ 3.) Otherwise, the Order nowhere grants Respondents leave to issue additional conditions on V.G.'s release.

Petitioner now seeks an order enforcing this prior judgment because Respondents released V.G. on a long list of conditions to which he was not previously subjected. (Dkt. 12.) Specifically, Respondents released V.G. on an Order for Release on Recognizance ("Recognizance Order") that imposed multiple requirements, including GPS monitoring and enrollment in a substance abuse program and sexual deviancy counseling (despite V.G. averring that he has no history of either). (Dkt. 14 at 3; Dkt. 15-1.)

Respondents raise two arguments justifying such conditions. (Dkt. 18.) First, Respondents assert that they complied with the January 15th Order because that Order did not affirmatively bar any conditions on release. (*Id.* at 1.) Second, Respondents argue that,

1

regardless, they have obtained and served a warrant on V.G., authorizing those conditions pursuant to § 1226(a). (*Id.* at 1–2.)

However, both arguments are unavailing. First, Respondents are correct that the Court did not explicitly preclude all conditions on V.G.'s release. Instead, the Order made clear that Petitioner could be released with conditions *if* those conditions existed "from a previous Order." (Dkt. 8 at 4 ¶ 3.) Yet at no point prior to the January 15 Order—or this Order—have Respondents identified any previous order implementing the conditions V.G. was released with. Instead, Respondents attempt to seize on the lack of an express bar to subject V.G. to any conditions they please. But no reasonable reading of the Order supports this conclusion; instead, because the Order contemplates conditions "if" they were previously in effect, the evident implication is that, without a previous order, no conditions could be imposed. The Court rejects Respondents' reading of the January 15th Order to the contrary.

Respondents' second argument fares no better. Submitting a never-before-seen warrant issued days after the arrest, Respondents reason that Byron V.G. was released pursuant to § 1226(a), allowing them to impose additional conditions on his release. But V.G. was not released pursuant to § 1226(a); he was released pursuant to this Court's Order. So, whether § 1226(a) properly invoked could have provided Respondents discretion to impose additional release conditions is irrelevant here. And because the January 15th Order precluded new conditions, those imposed by Respondents in the Recognizance Order violate the Court's Order.

Therefore, **IT IS HEREBY ORDERED THAT:**

1. Petitioner Byron V.G.'s Motion to Enforce Judgment (Dkt. 12) is **GRANTED**;

2. Respondents are **ORDERED** to file a notice on ECF by **no later than 12:00 PM on February 20, 2026** certifying that:

    a. The conditions imposed on Byron V.G. in the Recognizance Order have been removed; and

    b. Byron V.G. has been released from Respondents' custody without any conditions.

Dated: February 18, 2026            *s/Katherine M. Menendez*
                                                    Katherine M. Menendez
                                                    United States District Judge